EMPLOYMENT CONTRACT

THIS AGREEMENT, between CUSTOM BUSINESS GRAPHICS COMPANY, hereinafter referred to as "Employer", with its principal place of business in the City of Virginia Beach, Virginia, and Thomas Hunter, hereinafter referred to as "Representative" is entered and executed this 4th day of April, 1980.

WHEREAS, Employer is engaged in the design, supply and sale of business forms, printing and related products and services, advertising products, data processing software and supplies and filing systems and supplies; and

WHEREAS, Representative desires to enter into the employment of employer in a sales capacity;

NOW, THEREFORE, In consideration of the mutual promises, covenants and conditions contained herein, the parties agree as follows:

## SECTION ONE

Employer employs Representative to sell and solicit sales of its business forms, printing and related products, advertising products, data processing software and supplies and filing systems and supplies in the area of southeastern Virginia and northeastern North Carolina.

## SECTION TWO

Representative shall devote his entire time and best efforts to selling and soliciting for sale the merchandise and products of Employer in the territory as described in Section One and agrees not to engage in any other business directly or indirectly, without the written consent of Employer.

## SECTION THREE

The term of this Agreement shall be for a period of one (1) year from

-1-

Exhibit A

EXHIBIT A

the date of execution, unless sooner terminated as provided herein. At the expiration of said one (1) year term, the parties shall meet, discuss the Representative's performance and determine whether, and on what terms and conditions, a new Agreement shall be executed. In the event the parties shall fail to execute a new Agreement, this Employment Contract shall continue in force from year to year unless terminated as set forth herein.

### SECTION FOUR

Employer shall pay Representative a commission equal to Fifty Percent (50.0%) of the gross profit of all of Representative's sales. Gross profit shall be determined by subcontracting from the sales price the cost of the material, freight charges, and other outside cost, charges and expenses associated with and directly related to the sale. All such commissions shall be paid by Employer to Representative monthly on all sales billed during the previous month.

Although commissions shall not be due and payable to Representative until a customer has been billed, Employer shall credit Representative with drawing account of $1,250.00 per month, which shall be charged against Representative's commissions. Any such advances made by Employer to Representative, whether withdrawals against commission or otherwise, shall be considered as loans to Representative to be repaid to company on demand.

In case of nonpayment of the customer's account and if such nonpayment continues for a period of one hundred twenty (120) days from the date the customer was billed, Representative shall be charged with a sum equal to his commission earned on the unpaid sale and a sum equal to one-half of the cost of the material, freight charges, and any other outside cost, charges and expenses directly relating to the unpaid sale.

Employer shall furnish Representative a monthly statement showing billings made to customers attributable to Representative's account, and all payments and other items credited or debited to his account during such period.

-2-

A

## SECTION FIVE

Employer shall not be liable to salesmen for any delay or failure in filling orders, nor for filling orders with defective materials, but agrees to use its best efforts to have perfect goods sent out to all customers.

## SECTION SIX

Cash collected by Representative from customers for cash sales or for any other collection authorized by Employer shall be immediately remitted to Employer by salesmen. All checks made payable to Employer shall be forwarded directly to Employer, and if a check for an amount owing to Employer shall be made to the order of Representative, he shall endorse it to the order of Employer and send it to Employer at once.

## SECTION SEVEN

Representative shall be entitled to reimbursement for business expenses including the use of his privately owned automobile the sum of $100.00 per month.

## SECTION EIGHT

Representative, before engaging in his duties under this contract, shall first cause to be issued to him liability insurance on his automobile that will afford absolute protection for Employer against any loss or damage to life or property, that may be caused by any automobile accident, in collision with any mobile or immobile object, such indemnity policy to insure Employer for such time or times as the automobile may be used on business of Employer.

## SECTION NINE

Representative shall be entitled to holidays and vacation schedules in effect for all employees of Employer and shall further be entitled to his customary withdrawal of his commissions during such periods. Any vacation must

A

be granted by Employer with the permission of its duly authorized officer.

## SECTION TEN

If either party hereto wishes to terminate this contract, the party so desiring to terminate shall give thirty (30) days notice in writing to the other party of such desire to terminate the contract.

Notwithstanding the foregoing, this contract may be cancelled by Employer at any time for, dissipation, misconduct, violation of instructions, violation of any clause hereof, infraction of the rules of Employer, as to all of which the Employer shall be the final judge. In the event of any such termination by Employer or cause as set forth in this paragraph or in the event of termination by Representative without cause as in the preceding paragraph, Representative agrees that he will not for a period of twelve (12) months after such termination, either for himself or for any person, persons, firm or corporation, or in any manner whatsoever enter into the territory, as defined hereinafter, for the purpose of contacting or soliciting present or future customers of Employer or attempting to obtain their patronage for a similar or competing business. The damages to Employer that would result should Representative violate the previsions, or any thereof, in this paragraph contained, are uncertain, speculative and difficult to ascertain. The parties, therefore, as a reasonable mode of determining such damages, agree upon an amount equal to Representative's earned commissions during the twelve (12) months previous to such termination as such damages, and they agree that such damages are liquidated damages and not a penalty. Moreover, employer shall have the alternative right and remedy of applying to any court of competent jurisdiction for an injunction to restrain Representative from continuing such violation. For purposes of this paragraph, the territory shall include the cities and counties of Virginia

A

Beach, Norfolk Chesapeake, Portsmouth, Hampton, Newport News, Poquoson, York, Isle of Wight, Suffolk, Williamsburg, James City, and Elizabeth City, North Carolina.

## SECTION ELEVEN

Representative shall take all orders in the name of Employer. All such orders shall be taken subject to Employer's standard conditions of sale. All such individual orders in excess of $2,500.00 shall be taken subject to acceptance by the president of Employer.

Employer shall supply Representative with all materials, catalogs, advertising data and technical assistance which shall be reasonably necessary to assist Representative in making sales of the products of Employer. Sample or demonstrator merchandise shall be made available to Representative from time to time upon such terms as Employer may agree.

## SECTION TWELVE

This Agreement shall be personal to Representative and shall not be subject to assignment by Representative.

## SECTION THIRTEEN

This Agreement shall be construed and governed in accordance with the laws of the Commonwealth of Virginia.

## SECTION FOURTEEN

This Agreement contains the entire agreement between the parties. There are merged herein all prior and collateral representations, promises and conditions in connection with the subject matter hereof. Any representation, promise or condition not incorporated herein shall not be binding upon either party. This Agreement supersedes and is in lieu of all existing agreements or arrangements between the parties relating to the products and merchandise

-5-

A

of Employer, excepting obligations with respect to merchandise and products heretofore sold by Representative.

### SECTION FIFTEEN

Any notice required to be given under the terms of this Agreement will be considered to have been properly delivered if sent by registered first-class mail, return receipt requested to Employer and Representative at the following address:

Custom Business Graphics Company  Thomas Hunter
5245 Cleveland Street              2229 Shinglewood Way
Virginia Beach, Virginia 23462     Virginia Beach, Va. 23456

IN WITNESS WHEREOF, the parties executed the foregoing Agreement on the date first shown above.

CUSTOM BUSINESS GRAPHICS COMPANY

By _____
              President

_____ (SEAL)
       Thomas L. Hunter

A